NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0504n.06

CASE NO. 18-3311

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANTONIO DE LEON SOLIS, | ) | |
| | ) | |
| *Petitioner*, | ) | **FILED** |
| | ) | Oct 11, 2018 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| JEFFERSON B. SESSIONS III, Attorney General, | ) | ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS |
| | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

Before: BATCHELDER, GIBBONS, and ROGERS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The petitioner, an alien and convicted felon, seeks review of an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and review of a Board of Immigration Appeals' dismissal of his attempted appeal. Because we lack jurisdiction over part of the petitioner's claim and find no merit to the other part, we DENY the petition.

Antonio De Leon Solis, a 43-year-old native and citizen of Guatemala, twice entered the United States illegally: once in 1997 and again in 2007, after returning to Guatemala in 2005. Sometime after this second entry, Solis began a practice of identity theft, misappropriating the identities of several unsuspecting victims. In 2017, Solis was convicted of felony forgery, in violation of Ohio Revised Code § 2913.31(A)(3) and (1), and served six months in prison.

On July 5, 2017, the Department of Homeland Security (DHS) filed charges to remove Solis from the United States as an inadmissible alien, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) ("[A]ny alien convicted of . . . a crime involving moral turpitude . . . is inadmissible."). On August 22, 2017, Solis admitted the factual allegations underlying the forgery convictions and conceded

removability. On October 4, 2017, he applied for asylum, withholding of removal, and CAT protection. That same day, the Immigration Judge (IJ) heard Solis's testimony in support of his application, with the assistance of a Spanish-language interpreter. During that testimony, Solis made several implausible claims and contradictory statements, changed his testimony when challenged, and admitted that, during an attempted illegal entry, he had lied to U.S. Border Patrol Agents by claiming to be Mexican. Solis also conceded that he had used several other names and identities, though he had not revealed any of them in his asylum application documents.

The IJ denied Solis's application and ordered him removed to Guatemala. The IJ held that Solis was ineligible for asylum because his application was untimely. The IJ then explained that, even if the application had been timely, Solis was not entitled to asylum because he was not a credible witness and did not present a credible claim. The IJ recognized that because Solis could not satisfy the lower burden of proof for asylum, neither could he satisfy the more stringent standard for withholding of removal. Finally, the IJ concluded that Solis could not meet the CAT standard because he had not claimed to fear harm from any government actor, nor had he produced any evidence that the government in Guatemala approves, tolerates, or "turns a blind eye" to torture of its citizens.

Solis appealed to the Board of Immigration Appeals (BIA), which found that Solis had forfeited any challenge to his application's being untimely; affirmed the IJ's conclusion that Solis had not met his burden of proof for asylum or withholding of removal; upheld the IJ's adverse credibility finding (citing numerous supporting examples); and upheld the IJ's denial of CAT protection because Solis had not established that he would be subjected to torture "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." The BIA rejected Solis's claim that the IJ was biased against him, finding that

the record did not support the accusation and that Solis could not demonstrate that he suffered any prejudice or received an unfair hearing. The BIA dismissed the appeal.

In this appeal, Solis urges this court to reverse the BIA and vacate the IJ's decision because he disagrees with the IJ's factual findings concerning government-sanctioned torture and accuses the IJ of bias. Solis alleges that the IJ mischaracterized the state of torture in Guatemala because he did not properly apply, or even read, a State Department Country Conditions Report that Solis claims to be quoting at length in his appellate brief, but which is not included in the record. Because that report is not in the record, we are not at liberty to consider it here. 8 U.S.C. § 1252(b)(4)(A) (stating that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"). Solis alleges the IJ was biased against him because he doubted Solis's credibility, was discourteous, and bullied him.

The government responds that, because Solis is a felon convicted of a crime of moral turpitude (forgery), we have no jurisdiction to review his final order of removal. We lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D)." 8 U.S.C. § 1252(a)(2)(C). Although the statute gives us limited jurisdiction to consider "constitutional claims or questions of law," we may not consider the IJ's or BIA's factual determinations underlying the removal order. 8 U.S.C. § 1252(a)(2)(D).

Construing Solis's claim of judicial bias as a constitutional due process claim, the government concedes that we have jurisdiction but argues that the record disproves the factual accusations and the law denies Solis any cause of action, inasmuch as he has not alleged and cannot show that he was denied a fair trial or suffered any prejudice beyond the alleged discourtesy or bullying. This is correct. *See Gafurova v. Sessions*, 712 F. App'x 540, 545 (6th Cir. 2017) (holding that "[a]n alien must establish both error and substantial prejudice to prevail on a due process

challenge to immigration proceedings," and "[s]ubstantial prejudice requires a showing [that] the alleged violation affected the outcome of the proceeding" (quotation marks, editorial marks, and citations omitted)).

Based on our careful review of the record and consideration of governing law, we find that we lack jurisdiction over Solis's non-constitutional claim, and that insofar as Solis brought a constitutional claim, it fails as a matter of both fact and law. We therefore DENY the petition for review.